**3**

DAVID P. CUSICK, #160467, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #23056, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: ) | Case No: 22-20682-E-13C | |
| ) | DCN: MRL-2 | |
| ) | | |
| LORRIE LANE BLEVINS, ) | TRUSTEE'S OPPOSITION TO | |
| ) | DEBTORS MOTION TO CONFIRM | |
| ) | | |
| ) | DATE: | SEPTEMBER 13, 2022 |
| ) | TIME: | 2:00 P.M. |
| ) | JUDGE: | SARGIS |
| Debtor ) | COURTROOM: | 33, 6TH FLOOR |

     DAVID P. CUSICK, TRUSTEE, opposes confirmation of the Debtors Plan filed on July 25, 2022 (DN 47), and does not recommend its confirmation.

     The Trustee opposes confirmation as follows: <u>The Debtor cannot make the payments under the plan or comply with the plan, 11 U.S.C.§ 1325(a)(6).</u>

     1. **<u>INTERNAL REVENUE SERVICE.</u>** The Debtor lists the Internal Revenue Service

1

on Schedule D for $25,000.00 secured, (DN 1, Page 18, Item 2.2), however, this debt is not provided for in the plan.

The proof of claim, (Claim 11, Page 4), reflects unpaid taxes from 2013, 2014, 2015, 2016 & 2017. While §1322 states that all secured debts don't need to be provided for in the plan, failure to provide the treatment will likely result in enforcement action from the creditor which will prevent the Debtor from being able to make plan payments or comply with the plan. Debtor has demonstrated by failing to pay taxes for over nine (9) years that the takes are not likely to be paid unless the taxes are paid in the plan under the supervision of the Trustee, (Till v. SCS Credit Corp., 541 US 465, 508 n.12 - Supreme Court 2004.)

2. **SCHEDULE J.**

a. RENT EXPENSE. The Debtor amended Schedule J (DN 43), reduces her rent expense of $1,695.00 to $0.00. Debtor includes the following language on Line #24: "Debtor will be staying in her cabin in the forest while it is seasonably practical. During winter months Debtor will likely be renting alternative living space." It is unclear to the Trustee how the Debtor will be living in her cabin where the Debtor previously indicated to the Court that her "Cabin was recently burned in a forest fire" (DN 1, Page 9, Item 1.1). The Trustee recognizes the Debtor amended her schedules A/B (DN 41), clarifying in part, "Water tank for cabin and nearby roads were recently burned in forest fire." The Trustee is uncertain what Debtor's expense are project to be.

b. TAX EXPENSE. The Debtor's Schedule J, Line #16, states in part, "Direct payment toward Secured IRS Claim starting Sep 2022" with a monthly expense of $1,560.00; this is an expense that is not provided for by the plan, and may result in denial of discharge if not paid.

The Trustee has not received any proof to establish that the creditor and Debtor have come to this agreement mutually. The Trustee cannot ascertain whether or not the Plan is feasible.

    c. <u>DEBTOR'S DECLARATION IN SUPPORT.</u> Debtor's declaration in support of the Motion,(DN 46), provides insufficient evidence in support of confirmation and merely states the components of 11 U.S.C. §1325(a). The Debtors bear the burden of proof in meeting the requirements of confirmation (in re Wolff, 22 B.R. 510, 512 (9th Cir. B.A.P. 1982)). For example, the Debtor should provide the following:

    1. An explanation as to the Debtor's change in housing expense and location.

    2. An explanation of change in treatment of and to the Internal Revenue Service secured claim.

    WHEREFORE, the movant prays that the Court enter an order denying confirmation of the Debtor's Plan.

Dated: AUGUST 15, 2022

                                          /s/ Neil Enmark
                                          Neil Enmark, Attorney for Trustee